[No. 9199. Department One. July 14, 1911.]

Mary Harvey *et al., Respondents,* v. Tacoma Railway & Power Company, *Appellant.*[1]

Trial—Instructions—Requests—Damages—Minimizing Loss — Carriers. Where the court had instructed the jury generally that a passenger (suing for damages for failure to perform the contract of carriage) is bound to do everything in her power to reduce the damages and cannot complain of consequences flowing from her refusal to do so, it is not error to refuse a request for a more particular instruction on the subject dealing with the particular circumstances of the case.

·Damages—Excessive Verdict—Carriers — Breach of Contract. Where plaintiff sued for $1,950 damages resulting from a sprained knee in being compelled to transfer in the dark at an unsuitable place, and in being kept out all night in a street car in the winter time, a verdict for $500 will not be set aside as excessive where the testimony of a physician and disinterested parties indicate that the jury was not controlled by passion or prejudice.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered March 25, 1910, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained by a passenger of a street car in making a transfer to another car. Affirmed.

*B. S. Grosscup* and *W. C. Morrow,* for appellant.

*Fitch & Jacobs,* for respondents.

Dunbar, C. J.—This is a personal injury action. The appeal is from a verdict rendered and judgment entered in the superior court of Pierce county on March 24, 1910. Mrs. Harvey, one of the respondents herein, is a woman about sixty years of age, who resides at Woodland Station on the old Puyallup electric line, about ten miles from the city of Tacoma. The appellant is a corporation operating, among other lines, the electric street car system known as the "old Puyallup Line." The complaint alleged, in substance, that

[1]Reported in 116 Pac. 644.

on the evening of December 17, 1909, the respondent Mary
Harvey boarded a car known as the "Woodland Tripper,"
leaving Tacoma about 5:30 p. m.; that the defendant com-
pany proceeded with said car upon which said plaintiff was
a passenger to a point about four miles from the Tacoma
terminus of its line of street railway, at a place called Mid-
way, where said car stopped, and the conductor in charge
informed the passengers that all who were bound to des-
tinations beyond Fern Hill should get off said car and take
a car ahead; that in obedience to said request, plaintiff Mary
Harvey got off said car and attempted to board the car
ahead; that said change of passengers was made not at a
regular stopping point, and was a difficult and unsuitable
place to make a transfer of said passengers; that the night
was dark and plaintiff was unable to see, and in making said
transfer seriously sprained and injured her knee, which has
caused her much pain and suffering; that upon boarding the
car ahead, instead of the car proceeding through to its and
plaintiff's destination, it was run in the reverse direction,
back toward Tacoma, to Alki Switch, a distance of about one-
third of a mile, where it was sidetracked by the defendant
company, and there remained during the entire night of
December 17 and 18, 1909, notwithstanding plaintiff and
other passengers upon said car repeatedly requested and
urged the employees of defendant in charge of the car to take
them, either through to their destination, or back to the
city of Tacoma, where they might secure some reasonable
accommodations; but that defendant arbitrarily and without
cause refused to either proceed with said car to its destination
or to run it back to the city of Tacoma, but kept plaintiff
and other passengers out in the car along the line of said
street railway for a period of about nineteen hours, without
any shelter other than said street car, and without any fire,
food or drink, and exposed to the inclemency of the winter
night.    The complaint further avers that the action of the
street car company was wilful, and that the employees in

charge of the car were in no way interfered with or prevented by any act of man or God from performing its obligation as a common carrier; that they refused to proceed with the car, and that by reason of the failure to carry the plaintiff to her destination, she was injured in divers and sundry ways to the extent of $1,950.

The answer of the appellant denied the essential allegations of the complaint, averred that it had made every possible effort and exercised the highest degree of care in endeavoring to operate its electric railway cars on said night; that the operation of the car had been interfered with by an unlawful assemblage or mob of persons of great numbers; that the crews of its cars were overpowered and driven from their posts and intimidated with threats and violence; that it had appealed to the police authorities of the city of Tacoma without success; and in short that it was guilty of no negligence or disregard of the contractual rights of the plaintiff. The reply denied the affirmative matters of the answer, and on the issues thus presented the case came to trial.

The circumstances attending the stoppage of this car at Alki Switch were set forth at length in the case of *Leclaire v. Tacoma R. & Power Co.*, 62 Wash. 157, 113 Pac. 268, and it is not necessary to repeat them here. We held in that case that it was the duty of the company to transport its passengers, notwithstanding the fact that in doing so it would be compelled to carry a few passengers for a less amount than the company deemed it was entitled to. Upon the submission of this cause to the jury, a verdict was rendered in the sum of $500. Three assignments of error are presented: (1) Refusal of the court to direct a verdict for appellant; (2) refusal of the court to give its requested instruction number 12; and (3) refusal of the court to grant appellant's motion for a new trial.

We do not think that the refusal of the court to direct a verdict for appellant was error. There was ample testimony, if the jury believed it, to sustain a verdict. The appellant

asked the court to instruct the jury that, if they found from the evidence that the plaintiff could have returned to the city of Tacoma on the defendant company's cars, after she found that. defendant was unable to operate its cars past Midway Station, and that she could then have gone to her home by another line of street railway which was being operated regularly upon the night in question, or that she could have remained over night in Tacoma with friends or elsewhere, and that she was requested and urged by its employees to return to the city of Tacoma, and that they would provide a car to take her back to the city of Tacoma if she would consent to go, but that she wilfully refused such offers and declined to return to the city of Tacoma, she could not recover from the defendant for such injuries as may have resulted to her by reason of the fact that she remained all night in the car aforesaid. On the proposition of whether defendant was invited or requested to take a car back to Tacoma, the testimony is conflicting, and hence the appellant had the right to have this instruction given to the jury, or some instruction in reference to the duty of the defendant to minimize her damages. But the court did, among other things, instruct the jury as follows:

"It is the duty of a plaintiff in a case of this sort to do everything in her power to minimize the damages and, if the plaintiff refuses to reduce or minimize the damages to the utmost of her ability, she cannot complain in law against any consequences flowing from or resulting from such a refusal if any which would not have occurred except for such refusal."

This court has uniformly held that the trial court cannot be compelled to give instructions in any particular form of words; but that if the principle involved in the instruction which is asked for is given by the court, that is sufficient. And we think that the plain and explicit instruction given by the court on the question of the duty of the defendant to minimize her damages, presented to the jury the duty of

the plaintiff in this respect, and that such an instruction is less liable to lead to confusion in the minds of a jury than an instruction that undertakes to deal with particular circumstances.

It is earnestly insisted that the court should have granted appellant's motion for a new trial on the ground that the verdict was so excessive as to indicate passion and prejudice on the part of the jury. An examination of the record in this case convinces us that we would not be justified in interfering with the verdict of the jury in this respect. This action was brought for $1,950. The plaintiff was allowed only $500. Her testimony and that of disinterested parties, including the physician who waited upon her, convince us that the jury was not controlled by passion or prejudice in assessing the damages.

There appearing to be no reversible error in the record, the judgment is affirmed.

PARKER, GOSE, and MOUNT, JJ., concur.